IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Crim. A. No. 08-126-LPS |
| JIMMY LEE PIERCE, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Jimmy Lee Pierce's letter motion for an extension of time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 48) For the reasons discussed, the Court will dismiss the motion because it lacks the authority to consider a request for an extension of time when no § 2255 motion has been filed.

## I. BACKGROUND

On May 7, 2009, Defendant pled guilty to one count of possession with intent to distribute 500 grams or more of cocaine. (D.I. 33) The Honorable Joseph J. Farnan, Jr., now retired, sentenced Defendant to a prison term of 300 months and 3 years supervised release. (D.I. 40) The Court of Appeals for the Third Circuit affirmed Defendant's judgment of conviction in a decision dated October 1, 2010, and issued its mandate on October 25, 2010. (D.I. 43) The docket does not indicate if Defendant filed a petition for writ of certiorari in the United States Supreme Court.

In September, 2011, Defendant filed a letter motion asking the Court to extend the time for him to file a § 2255 motion. (D.I. 48) Defendant asserts that he has only had three hours in the prison law library, which has not provided him with sufficient time to prepare a § 2255

motion. Defendant asserts that his deadline for filing a timely § 2255 motion was October 1, 2011.[1]

## II. LEGAL STANDARDS

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, Rule 2 of the Rules Governing Section 2255 Proceedings requires a § 2255 motion to "specify all the grounds for relief available to the moving party," "state the facts supporting each ground," "state the relief requested," and "be signed under penalty of perjury by the movant or by a person authorized to sign it for the

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by a federal prisoner. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When calculating the starting date for the one-year limitations period under § 2255(f)(1), a movant's judgment of conviction becomes final "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's [90-day period] for filing a timely petition for certiorari review expires." *Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999); *see also Clay v. United States,* 537 U.S. 522, 532 (2003). Therefore, for instance, if a mandate is issued by the Third Circuit on October 25, 2010, and a defendant does not seek certiorari review from the U.S. Supreme Court, the one-year clock begins to run 90 days thereafter (i.e., some time in January 2011) and his § 2255 motion may be timely if filed within one year thereafter.

movant." Rule 2, 28 U.S.C. foll. § 2255. Rule 4 requires a district court judge to *sua sponte* dismiss a § 2255 motion, without ordering a responsive pleading, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2255. In short, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. SUBJECT MATTER JURISDICTION

Pursuant to Article III, Section 2 of the United States Constitution, federal courts have the authority, or jurisdiction, to consider only ongoing cases or controversies. *See Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. A court may *sua sponte* raise the lack of subject matter jurisdiction at any time. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).

## IV. DISCUSSION

A defendant seeking relief under § 2255 presents a case or controversy invoking the sentencing court's jurisdiction by asking "to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). Similarly, a defendant's motion for an extension of time to file a § 2255 motion will only invoke the sentencing court's jurisdiction if:

3

(1) the extension request is filed upon or after the filing of a § 2255 motion; or (2) the extension request contains allegations sufficient to present a case or controversy under § 2255 such that the court should construe the request to be a substantive § 2255 motion.[2] *See Anderson v. Pa. Att'y Gen.*, 82 F. App'x 745, 748-49 (3d Cir. 2003) (involving motion for extension of time to file § 2254 petition); *Green v. United States*, 260 F.3d 78, 82-3 (2d Cir. 2001) (involving motion for extension of time to file § 2255 motion).

In this case, Defendant did not contemporaneously file a § 2255 motion with his extension request; nor did he file the extension request after filing a § 2255 motion. Additionally, the Court cannot construe Defendant's extension request to be a substantive § 2255 motion, because Defendant does not even hint at the substance of his § 2255 claims or allege that he is in custody in violation of the law. Rather, he merely asserts that he has not received enough library time to enable him to complete a § 2255 motion, a contention that does not sufficiently present the Court with a case or controversy under § 2255. For these reasons, the Court concludes that it must dismiss Defendant's motion for an extension of time for lack of subject matter jurisdiction.

## V. CONCLUSION

For the aforementioned reasons, the Court will dismiss Defendant's letter motion for an extension of time to file a § 2255 motion. To the extent the Court must consider whether to grant a certificate of appealabilty, the Court so declines because Defendant has failed to make a

---

[2]In contrast, a federal court can only **grant** a defendant's request for an extension of time to file a § 2255 motion when the defendant both (1) requests the extension upon or after filing a § 2255 motion, and (2) demonstrates that "rare and exceptional" circumstances warrant equitable tolling in his case. *See Anderson*, 82 F. App'x at 748-49; *Green*, 260 F.3d at 82-3 (emphasis added).

4

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2. (2011).

A separate Order will be entered.