IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal Action No. 8-126-GBW-1 |
| JIMMY LEE PIERCE, | |
| Defendant. | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Jimmy Lee Pierce's ("Pierce" or "Defendant") *Pro Se* Motion for Modification of Term of Imprisonment under 18 U.S.C. § 3582 (c)(1)(A) ("Motion for Reduction in Sentence") (D.I. 73), which has been fully briefed (D.I. 73; D.I. 74; D.I. 81; D.I 84). Also before the Court is Defendant's unopposed Motion to Expand the Record (D.I. 75) as it pertains to his Motion for Reduction in Sentence. For the reasons below, the Court grants Defendant's unopposed Motion to Expand the Record and denies Defendant's Motion for Reduction in Sentence.

I.   BACKGROUND

On August 14, 2008, a federal grand jury returned a one-count indictment charging Defendant with knowingly possessing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). D.I. 13. On May 7, 2009, Defendant pled guilty. D.I. 33.

On September 15, 2009, Judge Joseph J. Farnan, Jr. sentenced Defendant to 300 months imprisonment to be followed by 7 years of supervised release, explaining that such a sentence "reflects the seriousness of the offense and will protect the community from further acts by this defendant." D.I. 39 ("Hearing Tr.") at 23-24; D.I. 40 (Judgment). At the time of sentencing, there

was no dispute that the applicable version of the United States Sentencing Guidelines ("U.S.S.G.") provided for a range of 262-327 months of imprisonment. Hearing Tr. at 3. This range reflected an enhancement under the career offender provision of the U.S.S.G., § 4B1.1.[1] *See* D.I. 36 at 9; D.I. 84 at 2.

At the time of sentencing, Defendant sought a downward variance that would have resulted in a sentence of 130 months. D.I. 36 at 14. The Court rejected Defendant's request, explaining that Defendant's crime was "a serious offense." Hearing Tr. at 21. Moreover, the Court acknowledged Defendant's "substantial criminal record," which included convictions for aggravated sexual battery, rape, assault and battery, and possession of a firearm by a convicted felon. *Id.* at 22. Defendant's judgment of conviction was affirmed by the Third Circuit on October 1, 2010. D.I. 43 at 1. Defendant is projected to be released in October 2030. D.I. 84 at 3 (citing D.I. 84-2 at 2).

On September 16, 2011, Defendant filed a letter motion requesting an extension of his deadline to file a motion under 28 U.S.C. § 2255 (D.I. 48), which was dismissed by the Court for lack of subject matter jurisdiction (D.I. 51).

On June 27, 2016, Defendant, proceeding through counsel, made a motion to correct his sentence pursuant to 28 U.S.C. § 2255, based on the Supreme Court's decision in *Johnson v.*

---

[1] Under the then-applicable guidelines, a defendant was deemed a career offender if he or she had two felony convictions qualifying as a "a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2008). At the time of Defendant's sentencing, a crime of violence referred to "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 4B1.2(a). This definition was modified in 2016, removing the residual clause that allowed for a crime of violence to include unspecified crimes that present "a serious potential risk of physical injury to another." U.S.S.G. app. C, vol. IV 121 (2025).

*United States*, 576 U.S. 591 (2015). D.I. 60. On July 12, 2017, Defendant voluntarily dismissed his motion. D.I. 63.

On June 25, 2024, Defendant filed his Motion for Reduction in Sentence. D.I. 73. Defendant's Motion for Reduction in Sentence has been fully briefed. D.I. 73; D.I. 74; D.I. 81; D.I. 84. On that same date, Defendant filed his Motion to Expand the Record, which remains unopposed. D.I. 75.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move a court to reduce his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). "A district court *may* reduce a defendant's term of imprisonment 'after considering the factors set forth § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Folk*, No. 25-2273, 2025 WL 3034701, at *2 (3d Cir. Oct. 30, 2025) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also United States v. Stewart*, 86 F.4th 532, 534 (3d Cir. 2023) ("A grant of compassionate release is a purely discretionary decision.") (citing *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020)).

"In 2023, the Sentencing Commission issued a policy statement defining 'extraordinary and compelling' reasons for prisoner-filed motions for reduction of sentences under § 3582(c)(1)(A)." *United States v. Faines*, Criminal Action No. 04-53 (MN), 2025 WL 2549360, at *3 (D. Del. Sept. 4, 2025) (citing U.S.S.G. § 1B1.13 (the "Policy Statement")). In relevant part, the Policy Statement provides:

> (a) In General.—Upon motion of . . . the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>>
>> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>>
>> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). Subsection (b)(6) of the Policy Statement further provides that an unusually long sentence may be considered an "extraordinary and compelling reason"

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). The "[m]ovant has the burden to show he is entitled to a sentence reduction." *Faines*, 2025 WL 2549360, at *3. "To obtain relief under § 3582(c)(1)(A)(i), [the movant] must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) 'extraordinary and compelling reasons' warrant a reduction of his sentence, and (3) a reduction is consistent with the factors set forth in [S]ection 3553(a)." *Id.* at *3 (footnotes omitted) (citing *United States v. Leonard*, Criminal Action No. 16-75-RGA, 2020 WL 3207085, at *2 (D. Del. June 15, 2020)).

4

## III. DISCUSSION

### A. Defendant's Motion to Expand the Record is Granted

Defendant's Motion to Expand the Record seeks to introduce several exhibits into the record for consideration in connection with his Motion for Reduction in Sentence. D.I. 75. These exhibits include Defendant's request to the warden for a reduction of sentence, the warden's denial of that request, and a document showing Defendant's completion of work and educational courses while incarcerated. D.I. 75-1. The Government has not opposed Defendant's Motion to Expand the Record. Because Defendant's Motion to Expand the Record is unopposed, Defendant's Motion to Expand the Record (D.I. 75) is granted. The Court now turns to the merits of Defendant's Motion for Reduction in Sentence.

### B. Defendant's Motion for Reduction in Sentence is Denied

As a preliminary matter, the Government does not contest Defendant's exhaustion of administrative remedies under Section 3582. D.I. 84 at 3 ("The government does not dispute that Pierce has therefore satisfied the statutory administrative exhaustion requirement."). Therefore, the Court proceeds to the substantive analysis. *United States v. Shnewer*, Crim. No. 07-459-1-RBK, 2023 WL 4702191, at *3 (D.N.J. July 24, 2023) ("Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule, not a jurisdictional prerequisite.") (citing *United States v. Banks*, Crim. No. 21-2674, 2022 WL 832049, at *2 (3d Cir. 2022)); *see also United States v. Fields*, 569 F. Supp. 3d 231, 236 (E.D. Pa. 2021) ("As the government has not asserted failure to exhaust as an affirmative defense, it is forfeited.").

Defendant's Motion for Reduction in Sentence seeks a reduction in sentence under subsection b(6) of the Policy Statement. D.I. 73 at 4. Specifically, Defendant asserts that he is serving an "unusually long" sentence due to application of the career offender guideline, has served

5

more than 10 years of the sentence imposed, and a change in law has occurred making this sentence "grossly disparate" as to the one that would be imposed today. *Id.* at 8; D.I. 74 at 2-3.

In opposition, the Government requests that the Court stay consideration of Defendant's Motion for Reduction in Sentence pending the Supreme Court's consideration of *United States v. Fernandez*, 104 F.4th 420 (2d Cir. 2024), *cert. granted in part*, 145 S. Ct. 2731 (2025) and *United States v. Rutherford*, 120 F.4th 360 (3d Cir. 2024), *cert. granted*, 145 S. Ct. 2776 (2025) or, alternatively, deny Defendant's Motion for Reduction under the Section 3553(a) factors.[2] D.I. 84 at 6-7. Because the Court finds that Defendant still poses a risk of danger to the community, the Court denies Defendant's Motion for Reduction in Sentence and does not reach the issues potentially implicated by the Supreme Court's pending review of *Fernandez* and *Rutherford*.[3]

---

[2] The question presented in *Fernandez* is "[w]hether a combination of 'extraordinary and compelling reasons' that may warrant a discretionary sentence reduction under 18 U.S.C. § 3582(c)(1)(A) can include reasons that may also be alleged as grounds for vacatur of a sentence under 28 U.S.C. § 2255." 145 S. Ct. at 2732. In *Rutherford*, the Third Circuit held that "that subsection (b)(6) in the amended Policy Statement, as applied to the First Step Act's modification of [18] § 924(c), conflicts with the will of Congress and thus cannot be considered in determining a prisoner's eligibility for compassionate release." 120 F.4th at 376. "The Supreme Court granted certiorari in *Rutherford* . . . to consider, inter alia, whether certain changes in the law can constitute extraordinary and compelling reasons for sentencing relief." *Folk*, 2025 WL 3034701, at *2 n.2.

[3] As it pertains to Defendant's contentions under the Policy Statement, subsection b(6) only applies to "a change in the law (*other* than an amendment to the Guidelines Manual that has not been made retroactive) . . . ." U.S.S.G. § 1B1.13(b)(6) (emphasis added). Subsection (c) emphasizes that, "[e]xcept as provided in subsection (b)(6), a change in the law (*including* an amendment to the Guidelines Manual that has not been made retroactive) *shall not* be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c) (emphasis added). In related contexts, courts within the Third Circuit have recognized that the change in the law relied upon by Defendant—Amendment 798, which modified the definition of what constitutes a "crime of violence"—was not made retroactive. *United States v. Ramos*, Crim. No. 8-274-2, 2024 WL 1659884, at *2 (E.D. Pa. Apr. 17, 2024) (holding that Amendment 798 was not retroactive by the United States Sentencing Commission and could not form the basis of a reduction in sentence under Section 3582(c)(2)); *United States v. Jones*, Crim. No. 02-778, 2021 WL 4893344, at *2 (E.D. Pa. Oct. 20, 2021) (noting that, even if the defendant had exhausted his remedies, Amendment 798 did not create "extraordinary and compelling reasons for a sentence reduction" under Section 3582(c)(1)(A)(i)).

Defendant contends that the Section 3553(a) factors support a modification of his sentence because he is "fully rehabilitated," his age renders him less likely to recidivate, his "positive post-sentencing conduct" shows he is committed to rehabilitation, he has completed numerous continuing education and release preparation programs, and he has abstained from disciplinary violations for at least the 40-month period leading up to June 2024. D.I. 74 at 22-25. For similar reasons, Defendant claims he would pose no danger to any person or the community upon release. *Id.* at 25-26.

In opposition, the Government asserts that "[t]he nature and circumstances of the offense, Pierce's personal history and characteristics, and the need for deterrence, continue to support the sentence imposed." D.I. 84 at 16. Specifically, the Government points to Defendant's prior convictions for rape, aggravated sexual assault, assault and battery, unlawful firearm possession, and drug dealing, as well as the short amount of time between his release from his previous offense and committing the instant offense. *Id.* at 16-17. Moreover, the Government disagrees with Defendant's assertion that he has shown a strong post-incarceration disciplinary record, citing Defendant's disciplinary infractions for possession of a knife, his threats of bodily harm to staff, and his attempted assault of a staff member. *Id.* at 17 (citing D.I. 84-3).

Under the Policy Statement, the Court must consider whether Defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) . . . ." U.S.S.G. § 1B1.13(a)(2); *see also* 18 U.S.C. § 3142(g)(4) (instructing courts to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release"). At this juncture, having thoroughly considered the parties' contentions, briefing, and exhibits, and the Section 3553(a) factors to the extent they apply, the Court holds that the Policy Statement does not support a reduction in Defendant's sentence.

7

As the Court explained during sentencing, Defendant committed a serious offense. Hearing Tr. at 21-22. Drug trafficking was, and still is, associated with significant street crime and violence. *See id.* Moreover, Defendant has previously been convicted of several serious crimes that harmed other people, including aggravated sexual battery, rape, assault, and battery. *Id.*; *see also id.* at 23 ("In protecting society, I think society has to be protected from you. I think you[r] criminal record demonstrates that."). Although the Court recognizes and commends Defendant's commitment to continuing education programs, Defendant's post-incarceration disciplinary history further counsels against a reduction in Defendant's sentence. Given Defendant's criminal history, the serious nature of his prior offenses, and his post-incarceration conduct, the Court holds that Defendant's danger to the community prevents a reduction of his sentence. *United States v. Garcia*, Crim. No. 09-224-01, 2021 WL 719763, at *6 (E.D. Pa. Feb. 23, 2021) (finding that defendant's criminal history, which included "dangerous crimes involving drugs and firearms," supported the court's conclusion that the defendant would pose a danger to the community upon release); *United States v. Abreu*, No. 5:16-CR-00233, 2021 WL 1884788, at *6 (E.D. Pa. May 11, 2021) (finding that a defendant would pose a danger to the community because the defendant had not been deterred by a prior term of incarceration or ongoing supervision). Thus, the Court denies Defendant's Motion for Reduction in Sentence.

## IV. CONCLUSION

For the above reasons, Defendant's unopposed Motion to Expand the Record (D.I. 75) is granted and Defendant's Motion for Reduction in Sentence (D.I. 73) is denied.

\* \* \*

WHEREFORE, at Wilmington this 10th day of December 2025, **IT IS HEREBY ORDERED** that:

1. Defendant Jimmy Lee Pierce's Motion to Expand the Record (D.I. 75) is **GRANTED**.

2. Defendant Jimmy Lee Pierce's Motion for Reduction in Sentence (D.I. 73) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE